UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KATHY HUMPHRIES, JEFF HUMPHRIES and TINA HUMPHRIES MEADOWS, as the surviving heirs of JACKIE D. HUMPHRIES, deceased, <br><br> Plaintiffs, <br><br> v. <br><br> EXPERITEC, INC., Individually and as Successor by Merger to Don H. Munger & Company Inc., <br> FISHER CONTROLS INTERNATIONAL, LLC and <br> J.P. BUSHNELL PACKING SUPPLY CO., <br><br> Defendants. | Case No. 4:22-cv-711 <br><br> JURY TRIAL DEMANDED |

## NOTICE OF REMOVAL

Defendant Fisher Controls International LLC, incorrectly named as "Fisher Controls International, LLC" ("Fisher"), by filing this Notice of Removal and related papers, removes this lawsuit from the Twenty-Second Judicial Circuit Court for the City of St. Louis, Missouri, to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

### INTRODUCTION

Plaintiffs Kathy Humphries, along with Jeff Humphries and Tina Humphries Meadows as the surviving heirs of Jackie D. Humphries ("Decedent") (Collectively referred to as "Plaintiffs") filed this products liability lawsuit seeking damages against three defendants, including Fisher, for alleged asbestos-related injuries – specifically, mesothelioma – caused by Decedent's exposure to asbestos or asbestos related products while he worked at various locations.

As discussed in more detail below, Fisher removes this lawsuit because this Court has subject matter jurisdiction based on diversity of citizenship. The statutory amount-in-controversy requirement is also satisfied because Plaintiffs seek damages for Decedent's mesothelioma allegedly caused by exposure to asbestos or asbestos related products.

**BASIS FOR REMOVAL**

In support of removal, Fisher states:

1. Plaintiffs commenced this action in the Twenty-Second Judicial Circuit Court for the City of St. Louis, Missouri, on or about June 30, 2022, by filing a Petition, captioned *Kathy Humphries, et al., v. Expertise, Inc. et al.*, No. 2222-CC058460 (Mo. Cir. Ct. City of St. Louis) (the "State Court Action"). A copy of the Petition and any other papers filed in the State Court Action are attached collectively as Exhibit A.

2. Plaintiffs seek damages for Decedent's mesothelioma allegedly caused by exposure to asbestos or asbestos related products. *See, e.g.*, Petition, "Jurisdiction, Venue, And General Allegations" at ¶ 3.

3. The Twenty-Second Judicial Circuit Court for City of St. Louis, Missouri, is located within the Eastern District of Missouri, Eastern Division. Therefore, removal to this Court satisfies the venue requirements of 28 U.S.C. § 1446(a).

4. According to Case.Net, Missouri's case management system, Plaintiff Kathy Humphries appears as a resident of Kentucky. A picture of the case management system demonstrating such is attached as Exhibit B. The citizenship of remaining Plaintiffs is not pled. *Id.* at ¶¶ 1-2.

5. For purposes of diversity jurisdiction, a Limited Liability Corporation is a citizen of every state of which its members are citizens. *E3 Biofuels, LLC v. Biothane, LLC*, 781 F.3d 972,

975 (8th Cir. 2015). Fisher (incorporated in DE) is a wholly owned sub of EMPCO Holdings, Inc., which is a 100% DE company. While Fisher's PPB is Iowa, PPB for EMPCO Holdings, Inc. is 8000 West Florissant. St. Louis, MO 63136.

6. Defendant J.P. Bushnell Packing Supply Co. ("J.P.") is a citizen of Missouri. It was incorporated and has its principal place of business in Missouri. Upon information and belief, it has not been served with process in this matter.

7. Defendant Experitec, Inc. ("Experitec") is also a citizen of Missouri. It was incorporated and has its principal place of business in Missouri. Upon information and belief, it has not been served with process in this matter.

8. The Petition seeks compensatory and punitive damages based on the allegations that asbestos-containing products caused Decedent's mesothelioma. Therefore, it is plausible from the face of the Petition that Plaintiffs seek damages in excess of $75,000, exclusive of interest and costs, which satisfies the jurisdictional amount-in-controversy requirement.  28 U.S.C. § 1332(a); *see Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014) ("[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.").

9. In sum, this Court has original subject matter jurisdiction over this action based on 28 U.S.C. § 1332 because there is complete diversity of citizenship between all parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

10. Fisher has not been served with the Petition in the State Court Action. Accordingly, this Notice of Removal is timely pursuant to 28 U.S.C § 1446(b).

11. Because Fisher, along with Experitec and J.P. (upon information and belief), have not been served, the forum defendant rule of 28 U.S.C § 1441(b)(2) does not apply here, and this

case is removable under 28 U.S.C. § 1441(a).  *See Encompass Ins. Co. v. Stone Mansion Rest. Inc.*, 902 F.3d 147, 152-54 (3d Cir. 2018) (expressly ruling that forum defendant could properly remove case to federal court on basis of diversity jurisdiction when forum defendant did not accept service of the complaint until after the notice of removal had been filed); *Johnson v. Emerson Elec. Co.*, Case No. 4:13-CV-1240-JAR, 2013 WL 5442752 (E.D. Mo. Sept. 30, 2013) (denying remand motion after pre-service removal); *Terry v. J.D. Street & Co., Inc.*, Case No. 4:09CV01471 FRB, 2010 WL 3829201 (E.D. Mo. Sept. 23, 2010) (same); *Taylor v. Cottrell, Inc.*, Case No. 4:09CV536 HEA, 2009 WL 1657427 (E.D. Mo. June 10, 2009) (same); *Brake v. Reser's Fine Foods, Inc.*, Case No. 4:08CV1879 JCH, 2009 WL 213013 (E.D. Mo. Jan. 28, 2009) (same); *Johnson v. Precision Airmotive, LLC*, Case No. 4:07CV1695 CDP, 2007 WL 4289656 (E.D. Mo. Dec. 4, 2007) (same); *see also, e.g.*, *Saratoga Advantage Trust Tech. & Commc'ns Portfolio v. Marvell Tech. Grp., Ltd.*, Case No. 15-cv-04881-RMW, 2015 WL 9269166 (N.D. Cal. Dec. 21, 2015) (same); *Davis v. Hoffman-LaRoche, Inc.*, Case No. 13-5051 JSC, 2014 WL 12647769 (N.D. Cal. Jan. 14, 2014) (same); *Regal Stone Ltd. v. Longs Drug Stores Cal. L.L.C.*, 881 F. Supp. 2d 1123, 1127-28 (N.D. Cal. 2012) (same).  *But see, e.g.*, *Bailey v. Emerson Co.*, 176 F. Supp. 3d 853, 865-66 (E.D. Mo. 2016) (granting remand motion after pre-service removal), *appeal dismissed*, (8th Cir. Mar. 16, 2017).

12. The relevant facts and procedural posture of this case are the same as the cases cited above in which federal courts denied remand motions after pre-service removals.  Diversity jurisdiction exists based upon the citizenship of the parties and the amount in controversy, and lack of service of process on Fisher renders § 1441(b)(2) inapplicable.

13. For the reasons set forth above, this lawsuit is properly removed to this Court.

4

14. The written notice required by 28 U.S.C. § 1446(d) will be promptly filed in the Twenty-Second Judicial Circuit Court for the City of St. Louis, Missouri and promptly served on Plaintiffs.

DATED: July 5, 2022                  Respectfully submitted,

                    **HUSCH BLACKWELL LLP**

                By: /s/ Brandan P. Mueller
                    Joseph C. Orlet, #37732MO
                    Brandan P. Mueller, #52277MO
                    Shannon D. Peters, #66953MO
                    190 Carondelet Plaza, Suite 600
                    St. Louis, Missouri   63105
                    314-480-1500
                    314-480-1551 Facsimile
                    HBService@huschblackwell.com

                **ATTORNEYS FOR DEFENDANT**
                **Fisher Controls International LLC**

**CERTIFICATE OF SERVICE**

I certify that on this 5th day of July, 2022, I electronically filed the foregoing Notice of Removal with the Clerk of the Court by using the CM/ECF system. I further certify that a true and correct copy of the Notice of Removal was caused to be served upon the following counsel via United States mail:

Sara M. Salger
The Gori Law Firm, P.C.
156 N. Main St.
Edwardsville, IL 62025
*Attorneys for Plaintiff*

                                          By: /s/ Brandan P. Mueller
                                               Brandan P. Mueller, #52277MO
                                               HUSCH BLACKWELL