# EXHIBIT A



Search for Cases by: [Select Search Method... ▼]

Judicial Links   |   eFiling   |   Help   |   Contact Us   |   Print         Logon

## 2222-CC05846 - KATHY HUMPHRIES ET AL V EXPERITEC INC ET AL (E-CASE)

| Case Header | Parties & Attorneys | Docket Entries | Charges, Judgments & Sentences | Service Information | Filings Due | Scheduled Hearings & Trials | Civil Judgments | Garnishments/ Execution |
|---|---|---|---|---|---|---|---|---|

Sort Date Entries: ○ Descending ● Ascending      Display Options: [All Entries ▼]

---

**06/30/2022**     **Judge Assigned**

**Pet Filed in Circuit Ct**
STL - Humphries, Jackie Petition St. Louis City, MO.
    **Filed By:** SARA M SALGER

**Entry of Appearance Filed**
STL - Humphries, Jackie Gori Entry of Appearance St. Louis City, MO.
    **Filed By:** SARA M SALGER

**Notice**
STL - Humphries, Jackie Lien Letter St. Louis City, MO.
    **Filed By:** SARA M SALGER

**Notice**
St. Louis - Letter to Clerks re Service of Summons Process Server.
    **Filed By:** SARA M SALGER
    **On Behalf Of:** KATHY HUMPHRIES

**Confid Filing Info Sheet Filed**
    **Filed By:** SARA M SALGER

**07/01/2022**     **Summons Issued-Circuit**
Document ID: 22-SMCC-6653, for EXPERITEC, INC..

**Summons Issued-Circuit**
Document ID: 22-SMCC-6654, for JP BUSHNELL PACKING SUPPLY CO.

**Summ Issd- Circ Pers Serv O/S**
Document ID: 22-SMOS-1957, for FISHER CONTROLS INTERNATIONAL LLC.

---

Case.net Version 5.14.52      [Return to Top of Page](#)      Released 06/08/2022

**2222-CC05846**

Electronically Filed - City of St. Louis - June 30, 2022 - 02:18 PM

IN THE CIRCUIT COURT
TWENTY-SECOND JUDICIAL CIRCUIT
ST. LOUIS CITY, MISSOURI

| | | |
|---|---|---|
| KATHY HUMPHRIES, JEFF HUMPHRIES and TINA HUMPHRIES MEADOWS, as the surviving heirs of JACKIE D. HUMPHRIES, Deceased, | ) ) ) ) | Cause No. |
| | ) | |
| Plaintiffs, | ) | |
| -vs.- | ) | |
| | ) | |
| EXPERITEC, INC., Individually and as Successor     by Merger to Don H. Munger & Company,     Inc., | ) ) ) | |
| FISHER CONTROLS INTERNATIONAL, LLC, And | ) ) | |
| J.P. BUSHNELL PACKING SUPPLY CO., | ) | |
| | ) | |
| Defendants. | ) | |

## PETITION

Plaintiffs listed above, by their attorneys, THE GORI LAW FIRM, P.C., and for their cause of action against Defendants, state as follows:

### JURISDICTION, VENUE, AND GENERAL ALLEGATIONS

1.      Plaintiffs, KATHY HUMPHRIES, JEFF HUMPHRIES and TINA HUMPHRIES MEADOWS, as the surviving heirs of JACKIE D. HUMPHRIES, Deceased, are Class I beneficiaries of the Decedent and bring this action pursuant to Missouri Revised Statutes 537.080, et seq.  That at all times concerned herein, Plaintiffs were the lawful wedded spouse and/or child of the Decedent.

2.      Decedent worked in 1968, 1970, 1980, and 1982 as a Laborer at Browning Orchard, in 1969 as a Laborer at Licking Valley Community Action Program, from 1970 to 1976 as a Laborer at Frank Hinton & Son Inc., in 1974 as a Laborer at ML & BL Farms Inc., from 1976 to 2007 as a Station Helper/Apprentice Repairman/Apprentice Electrician/Second-Class Repairman/Stores Helper/Materials

1

Electronically Filed - City of St. Louis - June 30, 2022 - 02:18 PM

Processor at Dayton Power & Light, from 2009 to 2010 as a Laborer at Kelly Services Inc., and from 2010 to 2014 and in 2017 and 2019 as a Laborer at Precision Staffing Inc.  Decedent was secondarily exposed to asbestos-containing products through his father, Donald Humphries, who worked for some time as a Farmer.

3.      Beginning in 1968, Decedent was first exposed to asbestos-containing products in Kentucky. Decedent was not diagnosed with Mesothelioma until April 15, 2020.  At the time Decedent was first exposed to asbestos-containing products, and at the time Decedent was diagnosed with Mesothelioma, Defendant, J.P. Bushnell Packing Supply Co., maintained a Registered Agent for service of process in the City of St. Louis, Missouri.  Venue is therefore proper in the City of St. Louis, Missouri.

4.      During the course of his employment, the Decedent was exposed to and inhaled, ingested or otherwise absorbed large amounts of asbestos fibers emanating from certain products he was working with or around, which were manufactured, sold, distributed and/or installed by the Defendants and each of them.

5.      That on or about April 15, 2020, Decedent first became aware he had developed Mesothelioma.  However, the Decedent and/or his family later learned that said disease was wrongfully caused.

6.      The below-mentioned Defendants are jointly and severally liable in that they contributed to the Decedent injury:

(1)     Defendant, EXPERITEC, INC., Individually and as Successor by Merger to Don H. Munger & Company, Inc., is a foreign corporation doing business in the State of Missouri; said corporation may be served pursuant to the Missouri Long-Arm Statute through its registered agent, Laurence J. Tietjen, 504 Trade Center Blvd, Chesterfield, MO 63005.

(2)     Defendant, FISHER CONTROLS INTERNATIONAL, LLC, is a foreign corporation doing business in the State of

2

Electronically Filed - City of St. Louis - June 30, 2022 - 02:18 PM

Missouri; said corporation may be served through its registered agent, Corporation Trust Company, 1209 Orange St., Wilmington, DE 19801.

(3)    Defendant, J.P. BUSHNELL PACKING SUPPLY CO., is a foreign corporation doing business in the State of Missouri; said corporation may be served through its registered agent, c/o Kathleen Sullivan, 3041 Locust, St. Louis, MO 63103.

7.    At various times during the course of Decedent's life, Decedent was exposed to and inhaled, ingested or otherwise absorbed large amounts of asbestos fibers emanating from certain products he was using, or around others using, which were manufactured, sold, distributed or installed by the Defendants. Decedent's exposure to the materials, products, equipment, activates and conditions attributable to the various Defendants occurred at different times as to each and not necessarily throughout Decedent's entire career or life as to any particular Defendant.

8.    Each Defendant is amenable to suit in the State of Missouri by reason of having sold, distributed and/or installed the aforementioned asbestos-containing products in Missouri or by reason of having placed the same into the stream of commerce for use in Missouri, and by reason of having committed tortious acts against Decedent in Missouri. Additionally, upon information and belief, Fisher Controls International, LLC, has their principal place of business and/or nerve center located in Ferguson, Missouri during the time period relevant for general jurisdiction. EXPERITEC, INC., Individually and as Successor by Merger to Don H. Munger & Company, Inc. was the Missouri distributor for Fisher Controls International, LLC. Fisher transacted business to Missouri selling asbestos containing products via Don H. Munger & Company, Inc., which created Specific Jurisdiction in Missouri under the Missouri Long Arm Statute. See Mo. St. Section 506.500 (2019).

9.    The Federal Courts lack subject matter jurisdiction over this action, as there is no federal question and incomplete diversity of citizenship due to the presence of a Missouri Defendant.   Removal

Electronically Filed - City of St. Louis - June 30, 2022 - 02:18 PM

is improper.  Every claim arising under the constitution, treaties, or laws of the United States is expressly disclaimed (including any claim arising from an act or omission on a federal enclave, or of any officer of the U.S. or any agency or person acting under her occurring under color of such office).  No claim of admiralty or maritime law is raised.  Plaintiffs sue no foreign state or agency.  Venue is proper in this county in Missouri.

<u>COUNT I</u>
<u>STRICT LIABILITY</u>

10.     Plaintiffs herein incorporate by reference Paragraphs 1 through 6 of this Petition.

11.     At the time Defendants and each of them manufactured, sold and distributed the asbestos-containing products to which Decedent was exposed, said products were in a defective condition and were unreasonably dangerous in that:

(a)     Said products contained friable asbestos fibers as a constituent substance;

(b)     Said asbestos fibers were highly toxic, deleterious, poisonous and harmful to the health of Decedent and others similarly situated;

(c)     Said products were not accompanied by any warning or by adequate warning advising of the danger of exposure to asbestos or of precautions to be employed in the use of asbestos-containing products.

12.     Said products reached the plant in substantially the same condition as when manufactured, distributed and sold.

13.     At all times relevant hereto, said products were used in the manner and environment intended, and in a manner reasonably foreseeable and anticipated by Defendants and each of them.

14.     As a direct and proximate result of said defective and unreasonably dangerous conditions of said products, the Decedent was exposed to, and inhaled, ingested or otherwise absorbed great amounts of asbestos fibers causing Decedent to develop Mesothelioma, which ultimately led to his death on May

4

Electronically Filed - City of St. Louis - June 30, 2022 - 02:18 PM

4, 2021; Decedent, prior to his death, was compelled to expend and become liable for large sums of monies for hospital, medical and other health care services necessary for the treatment of his asbestos-induced diseases and conditions; Decedent, prior to his death, experienced great physical pain and mental anguish as a result of the inhalation, ingestion and absorption of said asbestos fibers; as a further result of his asbestos-related diseases and conditions, the Decedent was hindered and prevented from pursuing his normal course of employment, thereby losing large sums of money which otherwise would have accrued to him and his Estates; further, by reason of the death of the Decedent, his family has been deprived of their means of support and have lost the society of the Decedent; lastly, substantial sums of money were expended by the Decedent estate for funeral and burial.

WHEREFORE, Plaintiff prays judgment be entered against the Defendants jointly and severally for actual and compensatory damages as are fair and reasonable, in excess of TWENTY-FIVE THOUSAND ($25,000) DOLLARS, including the cost of this action and any other such relief as the court deems just and equitable.

<div align="center">

COUNT II
NEGLIGENCE
</div>

15.     Plaintiffs herein incorporate by reference Paragraphs 1 through 6 of this Petition.

16.     At all times herein set forth, the products of Defendants and each of them were being employed in the manner and for the purposes for which they were intended.

17.     Decedent exposure to, and inhalation, ingestion or absorption of the asbestos fibers emanating from the above-mentioned products was completely foreseeable and could or should have been anticipated by the Defendants and each of them.

18.     Defendants and each of them knew or should have known that the asbestos fibers contained in their products had a toxic, poisonous, and highly deleterious effect upon the health of persons inhaling, ingesting or otherwise absorbing them.

<div align="center">5</div>

Electronically Filed - City of St. Louis - June 30, 2022 - 02:18 PM

19.     At all times herein relevant, Defendants and each of them had a duty to exercise reasonable care and caution for the safety of the Decedent and others working with or around the products of the Defendants containing asbestos.

20.     Defendants and each of them failed to exercise ordinary care and caution for the safety of Decedent in one or more of the following respects:

(a)     Included asbestos in their products, even though it was completely foreseeable and could or should have been anticipated that persons such as the Decedent working with or around them would inhale, ingest or otherwise absorb great amounts of that asbestos;

(b)     Included asbestos in their products when the Defendants knew or should have known that said asbestos fibers would have a toxic, poisonous and highly deleterious effect upon the health of persons inhaling, ingesting or otherwise absorbing them;

(c)     Included asbestos in their products when adequate substitutes for the asbestos in them were available;

(d)     Failed to provide any or adequate warnings to persons working with or around the products of the dangers of inhaling, ingesting or otherwise absorbing the asbestos fibers contained in them;

(e)     Failed to provide any or adequate instructions concerning the safe methods of working with or around the products, including specific instructions on how to avoid inhaling, ingesting or otherwise absorbing the asbestos fibers in them;

(f)     Failed to conduct tests on the asbestos-containing products manufactured, sold,  delivered or installed by the Defendants in order to determine the hazards to which workers such as the Decedent might be exposed while working with or around the products; and

(g)     Failed to recall asbestos-containing products which it had manufactured, sold, delivered, or installed.

Electronically Filed - City of St. Louis - June 30, 2022 - 02:18 PM

21.     As a direct and proximate result of one or more of the foregoing acts or omissions on the part of the Defendants and each of them, Decedent was exposed to, and inhaled, ingested or otherwise absorbed great amounts of asbestos fibers causing him to develop Mesothelioma, which ultimately led to his death on May 4, 2021; Decedent, prior to his death, was compelled to expend and become liable for large sums of monies for hospital, medical and other health care services necessary for the treatment of his asbestos-related diseases and conditions; Decedent, prior to his death, experienced great physical pain and mental anguish as a result of the inhalation, ingestion and absorption of said asbestos fibers; as a further result of his asbestos-related diseases and conditions, Decedent was hindered and prevented from pursuing his normal course of employment, thereby losing large sums of money which otherwise would have accrued to him and his Estate; further, by reason of the death of the Decedent, his family has been deprived of their means of support and have lost the society of the Decedent; lastly, substantial sums of money were expended by the Decedent estate for funeral and burial.

WHEREFORE, Plaintiff prays judgment be entered against the Defendants jointly and severally for actual and compensatory damages as are fair and reasonable, in excess of TWENTY-FIVE THOUSAND ($25,000) DOLLARS, including the cost of this action and any other such relief as the court deems just and equitable.

<div align="center">

COUNT III
WILLFUL AND WANTON MISCONDUCT - AGGRAVATED CIRCUMSTANCES
</div>

22.     Plaintiffs herein incorporate by reference Paragraphs 1 through 6 of this Petition.

23.     Defendants and each of them are guilty of one or more of the following acts or omissions amounting to willful and wanton misconduct:

(a)     Intentionally or with a reckless disregard for the safety of Decedent, included asbestos in their products, even though it was completely foreseeable and could or should have been anticipated that persons such as the Decedent working with

<div align="center">7</div>

Electronically Filed - City of St. Louis - June 30, 2022 - 02:18 PM

or around them would inhale, ingest or otherwise absorb great amounts of that asbestos;

(b)    Intentionally or with a reckless disregard for the safety of Decedent, included asbestos in their products when the Defendants knew or should have known that said asbestos fibers would have a toxic, poisonous and highly deleterious effect upon the health of persons inhaling, ingesting or otherwise absorbing them;

(c)    Intentionally or with a reckless disregard for the safety of Decedent, included asbestos in the products when adequate substitutes were available;

(d)    Intentionally or with a reckless disregard for the safety of the Decedent, failed to provide any or adequate warnings to persons working with or around the products of the dangers of inhaling, ingesting or otherwise absorbing the asbestos fibers in them;

(e)    Intentionally or with a reckless disregard for the safety of the Decedent, failed to provide any or adequate  instructions concerning the safe methods of working with or around the products, including specific instructions on how to avoid inhaling, ingesting or otherwise absorbing the asbestos fibers in them;

(f)    Intentionally or with a reckless disregard for the safety of the Decedent, failed to conduct tests on the asbestos-containing products manufactured, sold or delivered by the Defendants in order to determine the hazards to which workers such as the Decedent might be exposed while working with or around the products; and

(g)    Failed to recall asbestos-containing products which it had manufactured, sold, delivered and installed.

24.    As a direct and proximate result of one or more of the foregoing acts or omissions on the part of the Defendants and each of them, Decedent was exposed to, and inhaled, ingested or otherwise absorbed great amounts of asbestos fibers causing Decedent to develop Mesothelioma, which ultimately led to his death on May 4, 2021; Decedent, prior to his death, was compelled to expend and become liable

Electronically Filed - City of St. Louis - June 30, 2022 - 02:18 PM

for large sums of monies for hospital, medical and other health care services necessary for the treatment of his asbestos-related disease and conditions; Decedent, prior to his death, experienced great physical pain and mental anguish as a result of the inhalation, ingestion and absorption of said asbestos fibers; as a further result of his asbestos-related disease and condition, the Decedent was hindered and prevented from pursuing his normal course of employment, thereby losing large sums of money which otherwise would have accrued to his and his Estate; further, by reason of the death of the Decedent, his family has been deprived of their means of support and have lost the society of the Decedent; lastly, substantial sums of money were expended by the Decedent estate for funeral and burial.

WHEREFORE, Plaintiff prays judgment be entered against the Defendants jointly and severally for actual and compensatory damages as are fair and reasonable, in excess of TWENTY-FIVE THOUSAND ($25,000) DOLLARS, including the cost of this action and any other such relief as the court deems just and equitable.

## COUNT IV
### LOSS OF CONSORTIUM

1.      Plaintiff, KATHY HUMPHRIES, hereby incorporates the allegations contained in Counts I-IX of the Complaint.

2.      That as a direct and proximate result of one or more of the foregoing acts or omissions of the Defendants, the Plaintiff, KATHY HUMPHRIES, as well as other family members, has been deprived of the companionship, society and services with her husband, JACKIE D. HUMPHRIES, all to her damage in an amount in excess of $25,000.00.

WHEREFORE, Plaintiff prays judgment be entered against the Defendants for a sum in excess of TWENTY-FIVE THOUSAND ($25,000.00) DOLLARS which will fairly and reasonably compensate for the Plaintiff's injuries.

Electronically Filed - City of St. Louis - June 30, 2022 - 02:18 PM

THE GORI LAW FIRM, P.C.,

By: <u>    /s/ Sara M. Salger</u>
Sara M. Salger, # 61393
Erin L. Beavers, # 61575
Martavious A. Thomas, # 62700
Attorneys for Plaintiff
156 N. Main St.
Edwardsville, IL  62025
Phone:  (618) 659-9833
Fax: (618) 659-9834
asbestoslitigation@gorilaw.com

**2222-CC05846**

Electronically Filed - City of St. Louis - June 30, 2022 - 02:18 PM

IN THE CIRCUIT COURT
STATE OF MISSOURI
TWENTY-SECOND JUDICIAL CIRCUIT
(City of St. Louis)

| | | |
|---|---|---|
| KATHY HUMPHRIES, JEFF HUMPHRIES | ) | |
| and TINA HUMPHRIES MEADOWS, as the | ) | |
| surviving heirs of | ) | |
| JACKIE D. HUMPHRIES, Deceased, | ) | Cause No. |
| | ) | |
| Plaintiffs | ) | Division 1 (Asbestos) |
| | ) | |
| v. | ) | |
| | ) | |
| J.P. BUSHNELL PACKING SUPPLY CO., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ENTRY OF APPEARANCE

Comes now THE GORI LAW FIRM, P.C., and hereby enter their appearance

on behalf of Plaintiffs.

THE GORI LAW FIRM, P.C.,

By:      /s/ Sara M. Salger
Sara M. Salger, # 61393
Erin L. Beavers, # 61575
Martavious A. Thomas, # 62700
Attorneys for Plaintiffs
156 N. Main St.
Edwardsville, IL  62025
Phone:  (618) 659-9833
Fax: (618) 659-9834
asbestoslitigation@gorilaw.com

Page 1 of 1

**2222-CC05846**

Electronically Filed - City of St. Louis - June 30, 2022 - 02:18 PM

156 N. Main Street
Edwardsville, Illinois 62025
P. 618.659.9833 • F. 618.659.9834
Toll-Free 877.456.5419

37 North Orange Avenue, #1100F
Orlando Florida 32801
P. 321.430.0860 • F. 321.234.0336
Toll-Free 877.456.5419

3878 Carson Street, Suite 210
Torrance, CA 90503
P. 424.383.1501 • F. 424.383.1504
Toll-Free 877.456.5419

360 Lexington Ave., 20th Floor
New York, NY 10017
P. 646.609.8020 • F. 646.609.8019
Toll-Free 877.456.5419

909 Poydras Street, Suite 2195
New Orleans, LA 70112
P. 504.565.7888 • F. 504.827.1594
Toll-Free 877.456.5419

1875 Connecticut Ave. NW, 10th Floor
Washington DC 20009
P. 202.350.4086 • F. 202.315.2634
Toll-Free 877.456.5419

1133 Pine Street
St. Louis, MO 63101
P. 618.659.9833 • F. 618.659.9834
Toll-Free 877.456.5419



## <u>NOTICE OF ATTORNEYS' LIEN</u>

June 30, 2022

To All Defense Counsel

**Re:    KATHY HUMPHRIES, JEFF HUMPHRIES and TINA HUMPHRIES MEADOWS, as the surviving heirs of JACKIE D. HUMPHRIES, Deceased -vs.- J.P. BUSHNELL PACKING SUPPLY CO., et al.**

**Case No. 2222-CC_____**

Dear Defense Counsel:

This letter is to inform you that THE GORI LAW FIRM, P.C., hereby asserts their Attorneys' Lien pursuant to 770 ILCS 5/1 for attorneys' fees and requests that any and all checks issued in settlement or satisfaction of verdict or judgment be made to THE GORI LAW FIRM, P.C., for the benefit of the above-mentioned client.

Very truly yours,

THE GORI LAW FIRM, P.C.,

By:    /s/ Sara M. Salger
Sara M. Salger, # 61393
Erin L. Beavers, # 61575
Martavious A. Thomas, # 62700
Attorneys for Plaintiff
156 N. Main St.
Edwardsville, IL  62025
Phone:  (618) 659-9833
Fax: (618) 659-9834
asbestoslitigation@gorilaw.com

www.gorilaw.com

**2222-CC05846**

Electronically Filed - City of St. Louis - June 30, 2022 - 02:18 PM



156 N. Main Street
Edwardsville, Illinois 62025
P. 618.659.9833 • F. 618.659.9834
Toll-Free 877.456.5419

360 Lexington Ave., 20th Floor
New York, NY 10017
P. 646.609.8020 • F. 646.609.8019
Toll-Free 877.456.5419

1133 Pine Street
St. Louis, MO 63101
P. 618.659.9833 • F. 618.659.9834
Toll-Free 877.456.5419

37 North Orange Avenue, #1100F
Orlando Florida 32801
P. 321.430.0860 • F. 321.234.0336
Toll-Free 877.456.5419

909 Poydras Street, Suite 2195
New Orleans, LA 70112
P. 504.565.7888 • F. 504.827.1594
Toll-Free 877.456.5419

3878 Carson Street, Suite 210
Torrance, CA 90503
P. 424.383.1501 • F. 424.383.1504
Toll-Free 877.456.5419

1875 Connecticut Ave. NW,
10th Floor
Washington DC 20009
P. 202.350.4086 • F. 202.315.2634
Toll-Free 877.456.5419

St. Louis Circuit Court
Division 1/Asbestos
#10 North Tucker
St. Louis, MO 63101

Re: Service of Summons

Dear Clerk:

**Please issue all summonses and send them back to our firm for service. <u>We will be sending the summons by Special Process Server.</u>** We do not wish to use the St. Louis City Sheriff to complete the service.

Should you have any questions, please do not hesitate to call me. Thank you for your very kind assistance in this matter.

Sincerely,

/s/ Joy Roberson
Joy Roberson
Legal Assistant



**IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI**

| | |
|---|---|
| Judge or Division:<br>MICHAEL FRANCIS STELZER | Case Number:  2222-CC05846 |
| Plaintiff/Petitioner:<br>KATHY HUMPHRIES<br><br><br><div align="right">vs.</div> | Plaintiff's/Petitioner's Attorney/Address<br>SARA M SALGER<br>GORI, JULIAN ASSOCIATES P C<br>156 NORTH MAINE STREET<br>EDWARDSVILLE, IL 62025 |
| Defendant/Respondent:<br> EXPERITEC, INC.<br><br>Nature of Suit:<br>CC Asbestos | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO 63101<br>Please see the attached information for appearing via WebEx.  WebEx connection information may also be found at<br>**http://www.stlcitycircuitcourt.com/** |
| | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to:  EXPERITEC, INC.
 Alias:  SUCCESSOR BY MERGER DON H MUNGER & COMPANY INC

LAURENCE J TIETJEN, RAGT
504 TRADE CENTER BLVD
CHESTERFIELD, MO  63005

| | **SPECIAL PROCESS SERVER** |

*COURT SEAL OF*

*CIRCUIT COURT OF MISSOURI*

*CITY OF ST LOUIS*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

***Due to COVID19 challenges, virtual appearances by Webex.com are also required until further order of this Court. ***

If you have a disability requiring special assistance for your court appearance, please contact the court at least 48 hours in advance of scheduled hearing.

**July 1, 2022**

| _____ | _____ |
|---|---|
| Date | Clerk |

Further Information:

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with _____, a person at least 18 years of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and petition to: _____ (name) _____ (title).

☐ other: _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

| _____ | _____ |
|---|---|
| Printed Name of Sheriff or Server | Signature of Sheriff or Server |

 **Must be sworn before a notary public if not served by an authorized officer:**

*(Seal)*          Subscribed and sworn to before me on _____ (date).

My commission expires: _____

| | Date | | Notary Public |
|---|---|---|---|

**Sheriff's Fees, if applicable**

| | | |
|---|---|---|
| Summons | $_____ | |
| Non Est | $_____ | |
| Sheriff's Deputy Salary | | |
| Supplemental Surcharge | $_____10.00_____ | |
| Mileage | $_____ | (_____ miles @ $._____ per mile) |
| **Total** | $_____ | |

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.



**IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI**

| Judge or Division:<br>MICHAEL FRANCIS STELZER | Case Number:  2222-CC05846 | |
|---|---|---|
| Plaintiff/Petitioner:<br>KATHY HUMPHRIES<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>SARA M SALGER<br>GORI, JULIAN ASSOCIATES P C<br>156 NORTH MAINE STREET<br>EDWARDSVILLE, IL  62025 | |
| Defendant/Respondent:<br>EXPERITEC, INC.<br><br>Nature of Suit:<br>CC Asbestos | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO  63101<br>Please see the attached information for appearing via WebEx.  WebEx connection information may also be found at<br>**http://www.stlcitycircuitcourt.com/** | |
| | | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to:   JP BUSHNELL PACKING SUPPLY CO
Alias:

KATHLEEN SULLIVAN, RAGT
3041 LOCUST STREET
ST LOUIS, MO  63103

> **SPECIAL PROCESS SERVER**

*COURT SEAL OF*

*CITY OF ST LOUIS*

**You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.**

**    ***Due to COVID19 challenges, virtual appearances by Webex.com are also required until further order of this Court. ***

**If you have a disability requiring special assistance for your court appearance, please contact the court at least 48 hours in advance of scheduled hearing.**

**July 1, 2022**

_____         _____
Date                                                        Clerk
Further Information:

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with _____, a person at least 18 years of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and petition to: _____ (name) _____ (title).

☐ other: _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____         _____
Printed Name of Sheriff or Server                    Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

*(Seal)*            Subscribed and sworn to before me on _____ (date).

My commission expires: _____

Date                                                                                    Notary Public

| | |
|---|---|
| **Sheriff's Fees, if applicable** | |
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary Supplemental Surcharge | $_____10.00_____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.



# IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI

| Judge or Division:<br>MICHAEL FRANCIS STELZER | Case Number:  2222-CC05846 | |
|---|---|---|
| Plaintiff/Petitioner:<br>KATHY HUMPHRIES | Plaintiff's/Petitioner's Attorney/Address:<br>SARA M SALGER<br>GORI, JULIAN ASSOCIATES P C<br>156 NORTH MAINE STREET<br>EDWARDSVILLE, IL  62025 | |
| vs. | | |
| Defendant/Respondent:<br>EXPERITEC, INC. | Court Address:<br>CIVIL COURTS BUILDING | (Date File Stamp) |
| Nature of Suit:<br>CC Asbestos | 10 N TUCKER BLVD<br>SAINT LOUIS, MO  63101 | |

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to:    FISHER CONTROLS INTERNATIONAL LLC
                Alias:

CORPORATION TRUST COMPANY
1209 ORANGE ST
WILMINGTON, DE  19801

**SPECIAL PROCESS SERVER**

*COURT SEAL OF*

*CITY OF ST LOUIS*

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the plaintiff/petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

**July 1, 2022**
_____
Date

_____
Clerk

Further Information:

### Officer's or Server's Affidavit of Service

I certify that:
1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is _____ of _____ County, _____ (state).
3. I have served the above summons by:  (check one)
   ☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.
   ☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
   ☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).
   ☐ other: _____.

Served at _____ (address)

in _____County, _____ (state), on _____ (date) at _____ (time).

_____
Printed Name of Sheriff or Server

_____
Signature of Sheriff or Server

**Subscribed and sworn to** before me this _____ (day) _____ (month) _____ (year).
I am: (check one) ☐ the clerk of the court of which affiant is an officer.
☐ the judge of the court of which affiant is an officer.
☐ authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)
☐ authorized to administer oaths.  (use for court-appointed server)

*(Seal)*

_____
Signature and Title

| Service Fees | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Mileage | $_____ (_____miles @ $ _____ per mile) |
| **Total** | **$_____** |

**See the following page for directions to officer making return on service of summons.**

## Directions to Officer Making Return on Service of Summons

A copy of the summons and a copy of the motion must be served on each defendant/respondent. If any defendant/respondent refuses to receive the copy of the summons and motion when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and motion and the defendant's/respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion to the individual personally or by leaving a copy of the summons and motion at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age who permanently resides with the defendant/respondent, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the defendant/respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States. If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must be made less than 10 days nor more than 30 days from the date the defendant/respondent is to appear in court. The return should be made promptly, and in any event so that it will reach the Missouri court within 30 days after service.